George M. Carney, J.
This is a taxpayer’s action pursuant to section 123 of the Alcoholic Beverage Control Law to enjoin the respondents from unlawfully conducting joint, common and group operations in violation of Bulletin 424 of the State Liquor Authority and section 64 and subdivision 16 of section 105 of the said law. The State Liquor Authority has been joined as a respondent, as it is a necessary party under section 124 of the Alcoholic Beverage Control Law. The respondents are retail liquor licensees who have been jointly advertising in newspapers. The tenor of their advertising is that the public can secure liquor at discount prices in the stores listed in the paper. This advertising is placed through D. B. S. Advisory Service, Inc., a New York corporation which renders advertising, merchandising and promotion advice to retail liquor merchants. It has no other connection with the respondents. Another group which uses similar advertising, but does not retain a professional advertising agency, has requested permission to appear amicus curies which has been granted, and its papers will be read on this proceeding. No cause of action or relief has been requested against the State Liquor Authority, so as to it the petition is dismissed. The statutory section (§ 105, subd. 16) under which petitioner seeks relief insofar as it is applicable to this case is as follows: “ No retail licensee to sell liquor and/or wines for off-premises consumption shall be • interested, directly or indirectly, in any premises where liquors, wines or beer are manufactured or sold at wholesale or any other premises where liquor or wine is sold at retail for off-premises consumption, by stock ownership, interlocking directors, mortgage or lien on any personal or real property or by any other means.” Section 123 provides that the liquor authority or any taxpayer may bring a proceeding, such as this, if any person shall traffic in liquor contrary to the provisions of this chapter or otherwise unlawfully.
The court is of the opinion that the petition should be dismissed. It is apparent that the purpose of the respondents in combining their advertising was to minimize the costs thereof and enable them to have comparable newspaper advertising *619 to the large discount and department stores whose advertising budgets can afford the expensive advertisements while the small liquor retailer cannot.
The petitioner has failed to show that the actions of the respondents come within the ambit of subdivision 16 of section 105. The statute prohibits a licensee from a direct or indirect interest in any other premises where liquor is sold. It indicates various types of direct or indirect interest which are prohibited and ends the sentence by providing “ or by any other means. ’ ’ This can only refer to any other means of direct or indirect interest in a liquor store premise. On the facts submitted, it cannot be held that the combination newspaper advertising by various liquor stores gives any one of them any interest in any other premises. In fact, the evidence submitted indicates that aside from the group advertising, the stores are individually operated and controlled.
Petitioner’s reliance on Bulletin 424 is misplaced. This is merely an advisory statement to licensees indicating that misleading and deceptive advertisements will not be permitted. The petitioner has failed to show that the advertising is false and misleading. The names of the individual stores are published in the advertisement and there is also inserted thereon a disclaimer of joint operation. The advertisements do not convey a misleading impression that the package stores are operating as a chain enterprise or are jointly operated or owned by a common interest.
Accordingly, it is not shown that respondents are trafficking in liquor contrary to the .statute. Therefore, the petition is dismissed and the injunction denied.